IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KERRY L. BROWN, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 06-433-GPM |
| | ) |
| JAY MERCHANT, | ) |
| | ) |
|       Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

On June 5, 2006, Petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge his recent conviction for aggravated driving under the influence and driving with a revoked license. He now seeks to file an amended petition (Doc. 4), as well as permission to file this late petition (Doc. 3). In his proposed amended petition, he wishes to add the state's attorney and state judge as defendants. He also wishes to add a claim for damages in addition to his request for immediate release and dismissal of all charges against him.

Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be given whenever justice so requires," *see Sanders v. Venture Stores, Inc*., 56 F.3d 771, 773 (7th Cir. 1995). However, the claims Petitioner seeks to add to this action cannot be pursued under habeas corpus jurisdiction; his claims for damages may only be pursued in a civil rights action under 42 U.S.C. § 1983. Accordingly, the motion to amend is **DENIED**, and the motion to make a late filing is **MOOT**.

The Petitioner is frustrated and angry at the judge and the prosecutor who were involved in

the proceedings leading to his conviction and incarceration. However, Plaintiff is **ADVISED** that both of these individuals are immune from damages. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges, being sued solely for judicial acts, are protected by absolute judicial immunity); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (same). *See also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Therefore, if Plaintiff were to file a separate civil rights lawsuit against them, he first would be required to pay the full $350 filing fee for that action, *see* 28 U.S.C. § 1915(b). The case then would be dismissed as legally frivolous, *see* 28 U.S.C. § 1915A, and he would be assessed a "strike" for filing a legally frivolous lawsuit. *See* 28 U.S.C. § 1915(g).

    **IT IS SO ORDERED.**

    DATED: 08/09/06

    s/ G. Patrick Murphy
    G. PATRICK MURPHY
    Chief United States District Judge